LARRY W. FARRIS AND SANDRA FARRIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farris v. Commissioner
Docket No. 26935-86.
United States Tax Court
T.C. Memo 1986-567; 1986 Tax Ct. Memo LEXIS 40; 52 T.C.M. (CCH) 1091; T.C.M. (RIA) 86567; November 25, 1986. Richard A. Block, for the petitioners. Rosa Berman, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge*: This case is before the Court on petitioners' Motion to Dismiss for Lack of Jurisdiction. The Commissioner determined a deficiency in petitioners' Federal income tax for their taxable year ended December 31, 1982 and additions to tax as follows: *43 Additions to Tax
Deficiency
Section 6659 [1]
Section 6653(a)(1)
Section 6653(a)(2)
$7,861.00
$2,358.30
$393.05
(50% of the interest
due on $7,861.00.)
Respondent also determined that the higher interest rate of section 6621(d) was applicable. This Court must decide whether we have jurisdiction over the deficiency and additions to tax determined by respondent for petition ers' taxable year 1982 which arise out of certain adjustments to partnership items of income, deduction or credit for the partnership taxable year ending December 31, 1982. All of the facts of this case have been stipulated and are so found. Petitioners are husband and wife who resided at Bellflower, California at the time the petition in this case was filed. Respondent's statutory notice of deficiency for petitioners' taxable year ending December 31, 1982 was mailed to petitioners on March 28, 1986. The entire deficiency results from the disallowance of petitioners' distributive share of investment tax credit and loss *44 claimed by the Ironsides I Partnership (the "Partnership") for its taxable year ended December 31, 1982. The addition to tax determined pursuant to section 6659 is attributable to an alleged valuation overstatement of the Partnership's property. Pursuant to section 6621(d), respondent determined that the deficiency is a substantial underpayment attributable to a tax motivated transaction which is the transaction engaged in by the Partnership. The additions to tax determined pursuant to sections 6653(a)(1) and 6653(a)(2) are entirely attributable to the Partnership's Federal income tax reporting positions. The partnership agreement of the Partnership, executed on November 27, 1982, provides that "[t]he Partnership shall commence upon the execution of this agreement," under the laws of California. The eleven partners identified in this agreement were each issued receipts dated December of 1982 (the precise date varied for each partner) for their respective contributions of capital to the Partnership. The receipts were signed by the partners. The Federal partnership information return (Form 1065) for the Partnership's 1982 taxable year, filed March 18, 1983, reports that the Partnership *45 began its operations on November 27, 1982. Respondent commenced an administrative proceeding within the meaning of section 6224 and mailed a notice of the beginning of an administrative proceeding to the tax matters partner of the Partnership on April 10, 1986. Respondent mailed copies of the notice of the beginning of an administrative proceeding to all of the partners of the Partnership on May 12, 1986. Respondent mailed a notice of final partnership administrative adjustment to the tax matters partner of the Partnership on April 15, 1986. Copies of this notice were mailed to all partners of the Partnership on June 2, 1986. Petitioners have not made an election pursuant to section 6223(e)(3)(A) or (B). The Partnership's tax matters partner timely filed a petition for readjustment of partnership items with this Court on July 15, 1986, docket No. 29049-86. Petitioners argue that the partnership audit and litigation provisions of Subchapter C of Chapter 63 of Subtitle F of the Internal Revenue Code of 1954, as amended (sections 6221 et seq.), apply to the Partnership. Petitioners contend that the entire deficiency and all additions to tax in this case arise out of adjustments *46 to "partnership items," within the meaning of section 6231(a)(3), and therefore, this Court lacks jurisdiction. Maxwell v. Commissioner, 87 T.C.     (filed October 7, 1986). Respondent argues that petitioners have not established that the Partnership is one governed by the partnership audit and litigation provisions of section 6221 et seq., and that therefore the Court has jurisdiction in this case. Sections 6221 et seq. are applicable to partnership taxable years beginning after September 3, 1982. Section 402(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. The Partnership agreement, executed on November 27, 1982, provides that the Partnership commenced upon the execution of the agreement; the partners contributed capital to the Partnership in December of 1982, there is no suggestion by either party that the Partnership had activity prior to November 27, 1982. We conclude that the Partnership was formed on November 27, 1982, and having more than ten partners is, therefore, subject to the partnership audit and litigation provisions. A "partnership item" is any item required to be taken into account for the partnership's taxable year, *47 to the extent respondent's regulations provide that "such item is more appropriately determined at the partnership level than at the partner level." Section 6231(a)(3). Partnership items include items of loss, deduction or credit of the partnership. Section 301.6231(a)(3)-1(a)(1)(i), Proced. and Admin. Regs. The items of credit and deduction relating to the deficiency in this case are "partnership items" within the meaning of section 6231(a)(3). Section 6221; Maxwell v. Commissioner,supra, slip opinion at 10-11. No event has caused these items to become nonpartnership items. [2] Section 6231(b)(1). Since such items are partnership items, they "must be separated from the partner's personal case and considered solely in the partnership proceeding. See section 6226(a); section 6226(f)." Maxwell v. Commissioner,supra, slip opinion at 8. *48 An item whose existence or amount is dependent upon any partnership item is an "affected item." Section 6231(a)(5); Maxwell v. Commissioner,supra, slip opinion at 12. In this case, the existence or amount of the addition to tax determined pursuant to section 6659 is dependent upon a finding of the proper basis or value of the property of the Partnership, and is an affected item. Maxwell v. Commissioner,supra, slip opinion at 13. Similarly, any addition to tax for negligence pursuant to section 6653(a) is, in this case, attributable to the Partnership's tax reporting position which will properly be the subject of the partnership action. Maxwell v. Commissioner,supra, slip opinion at 14. Further, whether the transaction at issue is a "tax motivated transaction" within the meaning of section 6621(d)(3) is properly determined only in the partnership action. Any interest rate pursuant to section 6621(d)(1) would in this case, therefore, be an "affected item." All items raised in the petition in this case are partnership items or affected items. The determined deficiency and additions to tax are entirely attributable to partnership items or affected items, *49 and therefore, this Court lacks jurisdiction over the redetermination of the deficiency and additions to tax sought in this case. The tax matters partner of the Partnership instituted a partnership proceeding in this Court in accordance with the provisions of section 6226(a). Therefore, respondent may not assess a deficiency attributable to a partnership item until the decision of this Court in such proceeding has become final. Section 6225(a)(2). Accordingly, An appropriate order will be issued.
Footnotes
*. By order of the Chief Judge, this case was assigned to Judge Williams for decision and opinion.↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. Because the notice of the beginning of the administrative proceedings was mailed later than the 120th day before the mailing of the final notice of partnership adjustment, petitioners could have elected to have had these items treated as nonpartnership items. If petitioners had made such election we would have had jurisdiction in this case.↩