AFFILIATED EQUIPMENT LEASING II, CHARLES E. KUNZ, JOHN C. MILLER, II, GORDON B. MILLER, JR., AND JACK KING, EACH OF WHOM ARE PARTNERS OTHER THAN THE TAX MATTERS PARTNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 364-91.        Filed November 20, 1991.

*Thomas C. Rink* and *Cynthia A. Fazio,* for the petitioners.
*Terry Serena,* for the respondent.

OPINION

NIMS, *Chief Judge:* This matter is before the Court on petitioners' motion to reconsider granting of respondent's motion to dismiss for lack of jurisdiction and to strike with respect to section 6621(c), I.R.C., filed March 25, 1991. The issue for decision is whether the Court has jurisdiction to determine at the partnership level whether the adjustments made on the notices of final partnership administrative adjustment are attributable to a tax-motivated transaction pursuant to section 6621(c). (All section references are to sections of the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.)

## Background

On October 3, 1990, respondent issued the notices of final partnership administrative adjustment (FPAA's) in this case to the tax matters partner (TMP) for Affiliated Equipment Leasing II (the partnership) for the taxable years 1983 and 1984. FPAA's were also sent to the notice partners of the partnership. The TMP did not file a petition with this Court within the time prescribed under section 6226(a). On January 7, 1991, petitioners, who are notice partners, timely filed a petition in this Court contesting the FPAA's.

The petition contains two paragraphs which contest respondent's determination that the adjustments at issue resulted from tax-motivated transactions as defined in section 6621(c)(3). On March 4, 1991, respondent filed a motion to dismiss for lack of jurisdiction and to strike with respect to section 6621(c) pursuant to Rule 53. In his motion, respondent alleged that this Court does not have jurisdiction over section 6621(c) interest in a partnership level proceeding in that section 6621(c) interest is not a "partnership item." On March 5, 1991, we granted respondent's motion to dismiss. On March 25, 1991, petitioners filed their motion to reconsider granting of respondent's motion to dismiss and to strike.

## Discussion

Congress enacted the partnership audit and litigation procedures to provide a method to uniformly adjust items of partnership income, loss, deduction, or credit that would affect each partner. The statute makes a distinction between partnership items and nonpartnership items. The tax treatment of partnership items may only be determined in a partnership level proceeding, while nonpartnership items may only be determined at the individual partner level. Sec. 6221; *Maxwell v. Commissioner*, 87 T.C. 783, 787-788 (1986).

In *White v. Commissioner*, 95 T.C. 209 (1990), this Court held that we lack jurisdiction in a partner level proceeding to determine whether a petitioner is liable for increased interest under section 6621(c) where the only matters in dispute were additions to tax. (See also *Barton v. Commissioner*, 97 T.C. 548 (1991), wherein we held that the Tax

Court has jurisdiction to consider the applicability of section 6621(c) in determining whether an overpayment has been made.) See also *Powell v. Commissioner*, 96 T.C. 707 (1991). Petitioners do not contest the holding of *White*. However, they do request the Court to make a finding at the partnership level that the adjustments set forth in the FPAA's are not attributable to tax-motivated transactions.

Section 6226 authorizes the review of FPAA's and provides in pertinent part:

SEC. 6226(b). PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—

(1) IN GENERAL.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the *partnership items* for the taxable year involved with any of the courts described in subsection (a) [including the Tax Court].

\* \* \* \* \* \* \*

(f) SCOPE OF JUDICIAL REVIEW.—A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all *partnership items* of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners.
[Emphasis added.]

If, as in the instant case, the TMP does not file a petition with this Court under section 6226(a), a notice partner can file a petition under section 6226(b). If the petition is valid and filed by a proper party, the Court may then review respondent's adjustments with respect to the partnership items in the FPAA. The term "partnership item" is defined in section 6231(a)(3) as follows:

(3) PARTNERSHIP ITEM.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year *under any provision of subtitle A* to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level. [Emphasis added.]

Thus, partnership items, as defined, can only be those items arising under subtitle A of the Internal Revenue Code. Section 6621(c) is within subtitle F, not subtitle A. Therefore, section 6621(c) interest is not a "partnership

item" and is not within the Court's scope of review in a partnership level proceeding.

In *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 745 (1987), we held that section 6621(c) interest is an "affected item" that may require findings of fact peculiar to a particular partner. An "affected item" is "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). Affected items, because they depend on partnership level determinations, are by definition not partnership items and cannot be determined in a partnership level proceeding. *N.C.F. Energy Partners v. Commissioner, supra* at 743-745; *White v. Commissioner, supra* at 212.

Petitioners argue that the Court's opinion in *Farris v. Commissioner*, T.C. Memo. 1986-567, provides authority for their position that a determination of whether a transaction is tax motivated must be determined at the partnership level. Petitioners cite language in that opinion which states "whether the transaction at issue is a 'tax-motivated transaction' within the meaning of section 6621(d)(3) is properly determined only in the partnership action." *Farris v. Commissioner*, 52 T.C.M. 1091, 1093, 55 P-H Memo T.C. par. 86,567, at 2642. Petitioners misinterpret *Farris*.

*Farris* involved a case where respondent issued a notice of deficiency to individual partners prior to any partnership level adjustment. The Court held that we lack jurisdiction over affected items until the partnership level proceeding is concluded. Thus, *Farris* stands for the proposition that respondent has no authority to assess a deficiency attributable to a partnership item until after the close of a partnership proceeding. *N.C.F. Energy Partners* and *White* have subsequently stated that section 6621(c) interest is an affected item. As such, the applicability of such interest cannot be determined in a partnership level proceeding.

Petitioners also argue that section 301.6231(a)(3)-1(b), Proced. & Admin. Regs., defines "partnership items" so as to include a determination whether an item is attributable to a tax-motivated transaction and, thus, whether section 6621(c) interest applies. That regulation states:

(b) *Factors that affect the determination of partnership items.* The term "partnership item" includes the accounting practices and the legal and factual determinations that underlie the determination of the amount,

timing, and *characterization* of items of income, credit, gain, loss, deduction, etc. Examples of these determinations are: * * * whether partnership property is a capital asset, section 1231 property, or inventory; * * * [Emphasis added.]

Petitioners assert that the reference to "characterization" of an item of income, loss, etc., includes a determination as to whether the partnership item is part of a tax-motivated transaction. We disagree.

"Characterization" or the character of an item of gain or loss is a term of art. In this context it refers to whether partnership gain or loss is capital or ordinary. Indeed, as the regulation itself later elucidates, the reference to the characterization of a partnership item refers to "whether partnership property is a capital asset, section 1231 property, or inventory." Sec. 301.6231(a)(3)-1(b), Proced. & Admin. Regs.

The Court is not unmindful of the fact that in light of *N.C.F. Energy Partners* and *White*, taxpayers do not have a prepayment forum to contest section 6621(c) interest. However, as much as we may sympathize with their plight, this Court does not have the equitable power to expand its jurisdiction past that conferred by Congress. *Woods v. Commissioner*, 92 T.C. 776, 787 (1989).

Accordingly, since this Court does not have jurisdiction to ascertain the applicability of section 6621(c) interest in a partnership level proceeding, petitioners' motion to reconsider the granting of respondent's motion to dismiss for lack of jurisdiction and to strike with respect to section 6621(c) will be denied. To reflect the foregoing,

*An appropriate order will be issued.*