JOSEPH R. HARRIS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4153-87.                    Filed July 28, 1992.

---

*H. Karl Zeswitz, Jr.,* for petitioner.*
*Mary Corrigan Gorman,* for respondent.

SUPPLEMENTAL OPINION

WELLS, *Judge:* The instant matter arises out of a dispute between the parties over their differing computations under Rule 155.[1] The issue presented by the parties arose after our memorandum opinion on the merits of the instant case was issued on February 20, 1990, T.C. Memo. 1990-80.[2] Petitioner has requested that the Court defer entry of the decision in the instant case in order to avoid the possibility that petitioner might be precluded from carrying back, to the years in issue, certain net operating losses (NOL's) arising out of partnerships subject to sections 6221 through 6233 (the partnership provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324) in taxable years not before the Court.[3] Petitioner argues that the risk that he will be prevented from claiming refunds arising out of any NOL carrybacks attributable to partnerships subject to the TEFRA provisions is sufficient to warrant deferral of entry of decision "in the interests of fairness and justice". *Estate of Bailly v. Commissioner,* 81 T.C. 949, 958 (1983). Respondent contends that petitioner will not be pre-

---

*Daniel S. Goldberg, who represents petitioners in other cases involving the same issues as those decided in the instant case, filed papers as amicus curiae in the instant proceeding (hereinafter referred to as amicus).

[1] Unless otherwise noted, all section, subchapter, and chapter references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] In our memorandum opinion on the merits of the issues involved in the instant case, we sustained respondent's disallowance of certain deductions claimed by petitioner arising out of his interest in the Research One Limited Partnership for petitioner's 1979, 1981, and 1982 taxable years on grounds that the partnership was not engaged in a trade or business during such years. We ordered that the decision be entered under Rule 155. Pursuant to such order, the parties filed their differing computations.

[3] Alternatively, amicus has suggested that the Court enter its decision in the instant case, but specifically reserve the availability of the carryback, holding that the deficiencies owed may be decreased by NOL carrybacks from the years affected by the partnership provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324. Previously, we have ruled that our decision in a case must consist of a specific dollar amount. *Estate of Bailly v. Commissioner,* 81 T.C. 949, 952-954 (1983). An order which specifies an amount of deficiency, but provides that such amount may be later adjusted to reflect future NOL carrybacks, is not a final decision as contemplated by the statutes and rules governing this Court. *Estate of Bailly v. Commissioner, supra.* Accordingly, we decline to enter a decision in the form amicus suggests.

cluded from claiming refunds attributable to the carrybacks when they are determined and that the Court should proceed to enter its decision in the instant case. Respondent further objects to the inclusion of any such carrybacks in the instant proceeding on grounds that they are governed by the TEFRA partnership provisions and that we lack jurisdiction to take such carrybacks into account in the instant non-TEFRA proceeding. The disagreement between the parties stems from the interaction of the normal rules governing the time for claiming refunds attributable to NOL carrybacks vis-a-vis the limitations on claiming refunds under the TEFRA partnership provisions, as well as the proper method for claiming carrybacks arising from partnerships subject to the TEFRA provisions in deficiency proceedings for non-TEFRA years.

There are two classes of NOL carrybacks potentially applicable to petitioner's tax liability for the years in issue. The first arises from a settlement made after the memorandum opinion in the instant case had been issued. The settlement covered TEFRA years of an unrelated partnership known as Bank Software. Petitioner seeks to apply an NOL carryback in the amount of $38,042 resulting from the settlement of Bank Software TEFRA partnership items for petitioner's 1984 taxable year in the computation of his personal tax liability for his 1981 taxable year under Rule 155 in the instant case. The second class of NOL carrybacks relates to petitioner's assertion of potential settlements of TEFRA partnership items of two partnerships, namely, Research One partnership and Research Two partnership. As no settlement has been reported to the Court for either of such partnerships, the amount of the NOL carrybacks arising out of such partnerships for such years has not been ascertained.

After due consideration, we hold that the NOL carrybacks arising out of the settlement of Bank Software may be taken into account in the instant Rule 155 computation, but that the unascertained NOL carrybacks arising out of the yet-to-be settled partnerships may not be taken into account in such computation. We note at the outset that, in seeking to offset the NOL carrybacks against the deficiencies for the years in issue, it appears as though petitioner is raising a new issue. Generally, new issues may not be raised in a Rule 155 proceeding. Rule 155(c); *Gladstone v. Commissioner,* T.C. Memo. 1992-10; *Yoo Han & Co. v. Commissioner,* T.C. Memo.

1991-308; *Himmelwright v. Commissioner,* T.C. Memo. 1989-587; *Himmelwright v. Commissioner,* T.C. Memo. 1988-114. That is because, ordinarily, the record would have to be reopened in order to permit the taxpayer to introduce evidence establishing his entitlement to the carryback and its amount, which respondent would be free to contest. *Cloes v. Commissioner,* 79 T.C. 933, 937 (1982). Issues considered in a Rule 155 proceeding are limited to "purely mathematically generated computational items". *The Home Group, Inc. v. Commissioner,* 91 T.C. 265, 269 (1988), affd. on another issue 875 F.2d 377 (2d Cir. 1989). Petitioner also must amend his pleadings in order to have the NOL carrybacks considered in the instant case.[4]

At a hearing held on the instant matter, petitioner stated his willingness to amend his pleadings to place the NOL carrybacks in issue, if such action was required. Respondent indicated that there is no objection to the amendment of petitioner's pleadings on any grounds other than that the Court does not have jurisdiction to take TEFRA partnership items into account in the redetermination of a deficiency in a non-TEFRA proceeding. As the computation petitioner submitted pursuant to Rule 155 reflects the carryback arising out of the Bank Software settlement, which we will allow to be taken into account in the Rule 155 computation in the instant proceeding for the reasons discussed below, we will treat petitioner's computation as a motion to amend the petition to include such claim. Accordingly, we will proceed to consider the jurisdictional objection made by respondent.

Petitioner contends that we have jurisdiction to take the carrybacks attributable to partnerships governed by the TEFRA provisions into account in redetermining petitioner's tax liability for the years in issue. Petitioner argues that section 6214(b) empowers this Court to consider such facts in relation to the taxes due for other years as may be necessary to correctly decide the amount of the deficiencies for the years in issue. Petitioner relies upon several cases in which we have held that it is appropriate to consider NOL carrybacks and carryforwards in redetermining the correct amount of tax in years before us. See *Hill v. Commissioner,*

---

[4] An amended pleading may be filed, with leave of Court, at any time prior to the entry of final decision. Rule 41(a); *Stromsted v. Commissioner,* 53 T.C. 330, 340 n.5 (1969).

95 T.C. 437 (1990); *Calumet Industries, Inc. v. Commissioner,* 95 T.C. 257 (1990); *Lone Manor Farms, Inc. v. Commissioner,* 61 T.C. 436 (1974), affd. without published opinion 510 F.2d 970 (3d Cir. 1975); *State Farming Co. v. Commissioner,* 40 T.C. 774 (1963); see also *Phoenix Coal Co. v. Commissioner,* 231 F.2d 420 (2d Cir. 1956), affg. T.C. Memo. 1955-28. Such cases, however, did not involve the TEFRA partnership provisions and, consequently, do not resolve the issue before us. Petitioner does not assert any other basis for our jurisdiction, such as the overpayment provisions of section 6512.

Respondent contends that the procedure for taking the NOL carrybacks into account is provided by the TEFRA partnership provisions, and not by the provisions ordinarily governing the redetermination of deficiencies, such as section 6214(b). The TEFRA partnership provisions provide that issues related to partnerships subject to such provisions are to be resolved in proceedings governed by subchapter C of chapter 63, and not under the normal deficiency procedures, which are provided in subchapter B of chapter 63. Sec. 6230(a), (d)(6). Consequently, we have held that the parties may neither raise nonpartnership items in the course of a partnership proceeding nor raise partnership items in nonpartnership deficiency proceedings. See *Trost v. Commissioner,* 95 T.C. 560, 562-565 (1990) (partner could not reduce his liability for tax attributable to nonpartnership items by using items attributable to a partnership that was subject to the TEFRA provisions); *Maxwell v. Commissioner,* 87 T.C. 783, 792 (1986) (holding that Congress intended to prevent taxpayers and the Commissioner from raising items governed by the TEFRA partnership provisions in a partner's personal tax case).

A "partnership item" is defined as an item which is more appropriately determined at the partnership level than at the partner level. Sec. 6231(a)(3). Examples of partnership items include items of income, gain, loss, credit, or deduction of the partnership. Sec. 301.6231(a)(3)-1, Proced. & Admin. Regs. Separation is also required with respect to affected items, defined to mean any item to the extent such item is affected by a partnership item. Sec. 6231(a)(5); *Affiliated Equipment Leasing II v. Commissioner,* 97 T.C. 575, 578 (1991); *Maxwell v. Commissioner, supra.* An NOL carryback is an affected item. See *Maxwell v. Commissioner, supra* at 790-791.

When the Commissioner and a partner enter into a settlement with respect to partnership items, however, such items become nonpartnership items. Sec. 6231(b)(1)(C). Petitioner argues that items covered by a settlement become nonpartnership items and can be considered in a proceeding to redetermine the partner's personal tax liability. Respondent, however, counters that the items covered by a settlement are not converted into nonpartnership items for all purposes. A settlement is applied to a partner by means of a computational adjustment and not under the ordinary deficiency and refund procedures. Sec. 6230(a)(2)(A)(ii); sec. 6230(c); *Powell v. Commissioner,* 96 T.C. 707, 712 (1991). Furthermore, we have held that amounts which become due as a result of a settlement between respondent and a partner are not the proper subject for a petition for redetermination in a partner level proceeding. *Powell v. Commissioner, supra.*

We, however, do not read the provisions of section 6230(a)(2)(A)(ii), which provides that items covered by a settlement are not subject to the provisions of subchapter B of chapter 63, as depriving us of jurisdiction to take account of the settled items pursuant to section 6214(b). The purpose of section 6230(a)(2)(A)(ii) is to enable the Commissioner to collect amounts due as a result of settlements without the necessity of issuing a statutory notice of deficiency, and we find no suggestion that such provision was intended to restrict the jurisdiction of this Court in the situation present in the instant case. See *Woody v. Commissioner,* 95 T.C. 193, 205 (1990) (section 6511(g) does not deprive the Court of overpayment jurisdiction in a deficiency proceeding attributable to affected items). Moreover, after a settlement has been reached, the substantive partnership level issues have been resolved, and all that remains is the mechanical procedure of applying such settlement to the partner. Once substantive partnership level determinations have been made, the congressional objective in enacting the TEFRA partnership provisions has been accomplished. Consequently, the provisions mandating separation of partner and partnership level proceedings can be relaxed. See *Munro v. Commissioner,* 92 T.C. 71, 73-74 (1989). The conference report with respect to the TEFRA provisions explains that once partnership items become nonpartnership items under the TEFRA provisions, they may be taken into account in proceedings relating to the

partner's nonpartnership items. H. Conf. Rept. 97-760, at 611 (1982), 1982-2 C.B. 600, 668.

We can see no reason, therefore, why we should be required to ignore any computational adjustments resulting from a settlement of TEFRA partnership items in computing a deficiency due from a partner in such partnership in a case that is before us. Respondent seems to concede as much, stating that, because the settled items have been previously determined, if such items are to be taken into account at all, they may be taken into account for computational purposes only. Respondent notes that the settled partnership items may not be redetermined in the instant proceeding, that the NOL carrybacks claimed must be consistent with the partnership settlement, and that the carryback claim must be made in the applicable limitations period for claiming refunds. We agree with respondent on all of such points. The purpose of Rule 155 is to compute the tax due from petitioner, not to redetermine substantive issues. Accordingly, in claiming the carrybacks, petitioner should only be accorded the same treatment that he would be allowed if the refunds attributable to such carrybacks were allowed pursuant to a computational adjustment made at the conclusion of the partnership level proceedings.

Turning to the facts in the instant case, we hold that petitioner may include the NOL carrybacks attributable to the Bank Software settlement in the Rule 155 computation. We may take such carrybacks into account for purposes of computing the correct liability for the years in issue pursuant to the jurisdiction conferred on us by section 6214(b). Inasmuch as respondent has not challenged the amount of the carryback claimed in petitioner's Rule 155 computation, we will take such amount as being conceded by respondent to be correct.

The potential carrybacks which may arise from any settlement regarding the TEFRA years of the Research One and Research Two partnerships, however, are different. As noted above, prior to the resolution of partnership level proceedings, partnership and affected items may not be taken into account in a partner's personal tax case. *Affiliated Equipment Leasing II v. Commissioner,* 97 T.C. 575, 578 (1991); *Maxwell v. Commissioner,* 87 T.C. 783, 792 (1986). Consequently, we cannot consider such items in the instant case.

Petitioner has requested, alternatively, that we defer entry of decision in the instant case until such time as a settlement is reached. Petitioner argues that the interests of justice and fairness require such deferral, asserting that he might later be barred from claiming refunds attributable to carrybacks resulting from a settlement if the instant case is closed.

In deciding whether to grant petitioner's motion, we must balance petitioner's claim of potential harm against countervailing factors of economy and efficiency in judicial administration, as well as the interests of other petitioners who have agreed to be bound by the result of the instant case in having their tax liability settled. Accordingly, we must consider whether the risk of harm to petitioner is sufficient to justify the burden which would be placed on this Court, as well as the inconvenience to petitioners in other cases stipulated to be bound by the outcome of the instant case and awaiting entry of decision in order to proceed with appeal or finalizing such cases.

Petitioner argues that, in the event respondent does not allow the potential NOL carryback resulting from the asserted potential Research One and Research Two partnerships' settlements, petitioner will be precluded from bringing suit for a refund because the bar of section 6512 will apply, due to the filing of the petition in the instant case. Section 6512(a) provides that no suit for refund may be maintained with respect to a year for which a taxpayer has filed a valid petition with the Tax Court. Congress, however, has ensured that such filing will not interfere with a partner's ability to pursue the remedies provided under the TEFRA partnership provisions. Section 6230(d)(6) provides that the provisions relating to limitations on credit or refund contained in subchapter B of chapter 66 (sections 6511-6515) do not apply to any credit or refund of overpayments attributable to partnership items or affected items. Section 6512 is one of the provisions made inapplicable to refunds claimed under the TEFRA partnership provisions. The enactment of section 6230(d)(6) evinces Congress' intent that a partner should not be impeded by the ordinary refund provisions in seeking a refund attributable to the resolution of a partnership level proceeding. Consequently, petitioner could maintain a refund suit under the TEFRA provisions even though he has filed a petition in the Tax Court covering the years to which he

seeks to carry back the NOL's, irrespective of the section 6512 bar.

Moreover, section 6512(a)(4) provides that the bar of section 6512(a) does not apply as to "overpayments attributable to partnership items, in accordance with subchapter C of chapter 63." As we stated in *Woody v. Commissioner,* 95 T.C. 193, 203-204 (1990):

Thus section 6512(a) recognizes the necessity for separate proceedings arising out of partnership items and nonpartnership items. If petitioner had previously maintained a proceeding in this Court with respect to nonpartnership items, he would not be precluded from bringing the present proceedings with respect to [affected items requiring partner level determinations] * * *. Similarly, he is not precluded from bringing a separate refund action because of a prior proceeding for the same taxable year involving other items. * * * [Citation omitted.]

Petitioner's apprehension is that section 6512(a)(4) might be ineffective to raise the bar of section 6512(a) with respect to the carrybacks because such carrybacks are "affected items" rather than "partnership items". See *Maxwell v. Commissioner,* 87 T.C. 783, 790-791 (1986). However, we find petitioner's restrictive reading of section 6512(a)(4) to be inconsistent with congressional intent concerning the operation of the TEFRA partnership provisions and the interrelationship of the provisions contained in subchapters B and C of chapter 63. In enacting section 6512(a)(4), Congress meant to except from the bar of section 6512(a) suits concerning items which were subject to the provisions of subchapter C and could not have been adjudicated in an earlier Tax Court proceeding. H. Conf. Rept. 97-760, at 611 (1982), 1982-2 C.B. 600, 668.

In construing the language of the statute, we must give effect to the intent of Congress. *United States v. American Trucking Association, Inc.,* 310 U.S. 534, 542-543 (1940); *Martin Fireproofing v. Commissioner,* 92 T.C. 1173, 1185 (1989). It would be absurd to conclude that Congress would have intended that a proceeding under the ordinary deficiency provisions could operate to bar a subsequent refund suit as to items which could not have been considered in such proceeding. There is no evidence that Congress intended to treat such items in such an anomalous fashion, and there is no basis for interpreting the statute to reach such result. We must give effect to the entire statutory scheme in construing

section 6512(a)(4), reading it in a way that harmonizes with the congressional design and avoids absurd results. *Haggar Co. v. Helvering,* 308 U.S. 389, 394 (1940); *Helvering v. Stockholms Enskilda Bank,* 293 U.S. 84, 93-94 (1934); *Polyak v. Commissioner,* 94 T.C. 337, 340-341 (1990). Moreover, inasmuch as the existence and amount of an affected item is dependent upon partnership items, sec. 6231(a)(5), an overpayment resulting from an affected item is "attributable to partnership items" within the meaning of section 6512(a)(4). The items which would be the subject of a settlement cannot be considered in the instant proceeding under the TEFRA provisions. Based on the foregoing, we do not find that petitioner is at risk of losing the benefit of his NOL carrybacks from Research One and Research Two partnerships, as section 6512 is not a bar to a subsequent suit for refund instituted to claim the benefit of such carrybacks.

Petitioner also argues that, if the Court enters a decision in the years before it, such years might be closed by the statute of limitations at the time his claim to the carryback arises, and he will consequently be prevented from claiming refunds attributable to such carrybacks in such years. Petitioner points out that section 6511, which generally governs the time for claiming refunds due to carrybacks, is supplanted by the TEFRA partnership provisions, but the TEFRA partnership provisions do not contain provisions similar to those contained in section 6511. Secs. 6230(d)(6), 6511(g). Petitioner argues that such differences in the provisions could restrict the time for claiming refunds due to items involved in a TEFRA partnership proceeding.

The TEFRA partnership provisions, however, provide a mechanism for preventing the difficulty to which petitioner alludes. Section 6230(c)(1)(B) allows a partner to file a claim for refund on the grounds that respondent failed to allow a credit to the partner or make a refund to the partner in the amount of the overpayment attributable to the application of a settlement, a final partnership administrative adjustment (FPAA), or a court decision. The language of such provision is sufficiently broad to encompass the situation where the application of the settlement to the partners produces NOL carrybacks which cause an overpayment in years prior to the years to which the settlement relates. Section 6230(d)(5) provides, moreover, that respondent, to the extent practicable, is

to make any credit or refund attributable to a partnership item or affected item without requiring the partner to file a refund claim.

Section 6230(c)(2)(B) provides that a refund claim is to be filed within 2 years of the date on which the settlement becomes final. A suit may be brought with respect to unallowed portions of such claim within 2 years of the time such claim is disallowed, as provided by section 6532. Sec. 6230(c)(3). No refund is allowed, however, after the expiration of the time for assessing a tax with respect to the items giving rise to the claim. Sec. 6230(d)(1). Section 6229(f) provides that, if before the period of limitations runs, partnership items become nonpartnership items due to a settlement between the partner and respondent, or for certain other reasons, the running of the limitations period is extended for 1 year. The section 6229 limitations period acts to extend the limitations period otherwise available under section 6501 when such period has otherwise expired. Sec. 6501(o)(2); *Woody v. Commissioner,* 95 T.C. 193, 205 (1990). Consequently, it appears that the limitations period for the years to which petitioner seeks to carry back the NOL's will remain open in a manner similar to that provided by section 6511(d)(2).

Consequently, petitioner will not be prevented from claiming or suing for refunds attributable to carrybacks resulting from settlements of the TEFRA years of Research One and Research Two at the conclusion of the TEFRA partnership proceedings. The instant case is therefore distinguishable from *Estate of Bailly v. Commissioner,* 81 T.C. 949 (1983), where the taxpayer would have lost the right to the interest deductions in issue had we not deferred entry of decision in the case. Accordingly, we hold that deferring entry of decision in the instant case is not warranted. As noted above, the only difference between the parties' Rule 155 computations results from petitioner's claim of an NOL carryback from the Bank Software settlement, which we treat as a motion to amend petitioner's pleadings. Inasmuch as we have found that the NOL carrybacks attributable to the Bank Software settlement may be considered in the instant deficiency proceeding, we will grant petitioner's motion to amend his pleadings.

To reflect the foregoing,

> *An appropriate order will be issued and decision will be entered in accordance with petitioner's computation.*