Del R. **MONGE** and Eva M. Monge, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

No. 92–547 T.

United States Court of Federal Claims.

March 12, 1993.

Del R. and Eva M. Monge, pro se.

Bartholomew Cirenza, with whom was James A. Bruton, Acting Asst. Atty. Gen., Washington, DC, for defendant.

## OPINION AND ORDER

TURNER, Judge.

Plaintiffs brought this action seeking a refund of interest on certain uncontested federal income tax liabilities. The matter stands on defendant's motion filed January 11, 1993 to dismiss the complaint for failure to state a claim upon which relief can be granted. Although difficult issues requiring the construction and reconciliation of complex tax statutes and regulations are involved and their proper resolution is not free from doubt, we conclude that defendant's motion should be granted.

### I

Plaintiffs were partners in a partnership that was subject to the partnership provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, § 402, 96 Stat. 324, 648 (codified as amended at 26 U.S.C. §§ 6221–6233). Section 402 of TEFRA added unified procedures for the tax treatment of partnership items.[1] A dispute between the Internal Revenue Service and plaintiffs arose concerning the proper treatment of certain partnership items for tax years 1982 through 1988 (a computational adjustment concerning tax year 1982 resulted in a revision of plaintiffs' tax liability for 1981). On June 4, 1990, plaintiffs signed a settlement agreement concerning the disputed tax liabilities; an Internal Revenue Service official signed the agreement on July 16, 1990. This agreement contained a statement purporting to waive restrictions on assessments pursuant to I.R.C. §§ 6213(d) and 6224(b).[2] On June 13, 1990, plaintiffs submitted an advance payment. Then, on June 24, 1991, plaintiffs received notices of additional tax and interest assessments. Plaintiffs paid the amounts demanded and filed administrative claims for refunds of the portions of the interest paid that accrued on their unpaid assessments from July 5, 1990, through June 24, 1991. Plaintiffs' administrative claims were disallowed, and all subsequent administrative appeals were denied. Finally, on August 12, 1992, plaintiffs filed this action seeking a refund of $3,400, representing the alleged interest overpayment.

### II

The assessments included amounts for interest accruing from the date the taxes were due for each year in suit, through June 24, 1991, the date the IRS recorded the additional tax assessments. Invoking I.R.C. (26 U.S.C.) § 6601(c), plaintiffs contend that they should not have been assessed interest from the 31st day after they executed the settlement agreement, that is, July 5, 1990, until June 24, 1991, which is the date they received notices assessing additional taxes. Defendant maintains, however, that § 6601(c) does not apply to deficiencies assessed against taxpayers whose liabilities arise from partnership settlements.

I.R.C. § 6601(c) provides for a suspension of interest on a deficiency "if a waiver of restrictions under section 6213(d) on the assessment of such deficiency has been filed" and "if notice and demand by the Secretary for payment of such deficiency is not made within 30 days after the filing of such waiver." This provision suspends interest "for the period beginning immediately after such 30th day and ending with the date of notice and demand." *See also*

---

1. The partnership provisions in TEFRA apply to taxable years beginning after the date of enactment (September 3, 1982) or ending after the date of enactment upon agreement of each of the partners and the Secretary of the Treasury.

2. The waiver provided as follows:
   The parties agree and stipulate that for the deficiencies and income tax attributable to the items set forth herein, the taxpayer(s) waive(s) the restrictions contained in § 6213(a) prohibiting assessment and collection of the deficiencies (plus statutory interest) and pursuant to I.R.C. § 6224(b), waive(s) the restrictions contained in I.R.C. § 6225(a) prohibiting the assessment and collection of deficiencies (plus statutory interest) to the extent that these items are subject to the provisions of I.R.C. §§ 6221 through 6233, including those items which become non-partnership items pursuant to I.R.C. § 6231(b)(1)(C) by the execution of this closing agreement by both parties, or by the taxpayer's(s') election pursuant to I.R.C. § 6231(b)(1)(D) to have such items treated as non-partnership items.

Treas.Reg. § 301.6601–1(d) (suspending interest on deficiencies "if the taxpayer files ... an agreement waiving the restrictions on assessment of such deficiency" and "if notice is not made within 30 days after the filing of such waiver").

Subchapter A of Chapter 63 of the Internal Revenue Code (26 U.S.C. §§ 6201–6207) contains general provisions relating to assessments, including a provision (26 U.S.C. § 6201(a)) authorizing and requiring the Secretary to make assessments of all taxes imposed by the internal revenue laws. Subchapter B of Chapter 63 of the Internal Revenue Code (26 U.S.C. §§ 6211–6216) sets forth certain procedures for assessment and collection of deficiencies. Section 6213(a) requires the IRS to wait 90 days (or 150 days if the notice is addressed to a person outside the United States) after issuing a notice of deficiency before assessing the tax in order to allow the taxpayer to petition the United States Tax Court for a redetermination; § 6213(d) provides that a taxpayer may waive the restrictions provided in subsection (a) by submitting a signed written notice thereof. Subchapter C of Chapter 63 of the Internal Revenue Code (26 U.S.C. §§ 6221–6233) sets forth unified procedures for the tax treatment of partnership items. Section 6230(a) expressly makes the deficiency procedures contained in subchapter B inapplicable to taxes assessed pursuant to partnership settlements. *See Pack v. United States,* 92–2 U.S. Tax Cas. (CCH) ¶ 50,575, 1992 WL 370611 (N.D.Cal.1992); *Harris v. Commissioner,* 99 T.C. 121, 126, 1992 WL 176438

(1992); *Powell v. Commissioner,* 96 T.C. 707, 712, 1991 WL 80646 (1991).

Section 6230(a) provides in pertinent part:

(1) In general.—Except as provided in paragraph (2), subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment.

(2) Deficiency proceedings to apply in certain cases.—

(A) Subchapter B shall apply to any deficiency attributable to—

· · · · ·

(ii) items which have become nonpartnership items (*other than by reason of section 6231(b)(1)(C)*) and are described in section 6231(e)(1)(B).

(Emphasis added). In the instant case, the subject items became nonpartnership items pursuant to § 6231(b)(1)(C), which provides that partnership items become nonpartnership items when "the Secretary enters into a settlement agreement with the partner with respect to such items." [3] As illustrated above, the deficiency procedures contained in subchapter B do not apply to taxes assessed following partnership settlements. As a result, defendant maintains that plaintiffs are not entitled to a suspension of interest because the deficiency procedures contained in subchapter B were not applicable to the assessments at issue.

The issue then is the proper interpretation of the phrase in § 6601(c) that provides for the suspension of interest "if a waiver of restrictions under section 6213(d) on the assessment of such deficiency has been filed." "In a statutory construction case,

---

**3.** The parenthetical underlined in the text was added to the Internal Revenue Code by § 1018(*o*)(1) of the Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100–647, 102 Stat. 3342 (1989) (effective as if included in TEFRA). It is on this phrase that the outcome in this case depends. Prior to this amendment, subchapter B applied to deficiencies attributable to all nonpartnership items, including partnership items converted to nonpartnership items by reason of settlement.

This amendment probably explains the fact that the agreement involved in this case even had a § 6213(d) waiver. The agreement was contained on Form 906 (December 1983 version) and was labelled a "closing agreement" under 26 U.S.C. § 7121. Section 7121 autho-

rizes the Secretary to enter into a closing agreement "with any person relating to the liability of such person" for "any internal revenue tax for any taxable period." Typically, taxes assessed following closing agreements would be subject to the restrictions on assessments contained in subchapter B, which explains why this form would have a waiver of these restrictions. In substance, however, the agreement at issue was a "settlement agreement" under 26 U.S.C. § 6224(c) & 6231(b)(1)(C). The mislabelling of the agreement can be explained by the fact that in 1983, taxes owed following partnership settlements would have been assessed subject to the restrictions contained in subchapter B. Due to the amendment to TEFRA, that is no longer true.

the beginning point must be the language of the statute." *Estate of Cowart v. Nicklos Drilling Co.,* — U.S. —, —, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992). Section 6601(c), when read in isolation, could reasonably be given the meaning plaintiffs assert. The Supreme Court has emphasized, however, that · "[s]tatutory construction ... is a holistic endeavor," *United Savs. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988), and that "[s]tatutory language must always be read in its proper context," *McCarthy v. Bronson,* — U.S. —, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991).

When § 6601 is viewed in the context of other provisions one realizes that the § 6213(d) waiver, although completely valid with respect to the restrictions on assessments contained in subchapter B, was meaningless with respect to the interest at issue in this case because the restrictions in subchapter B were inapplicable to the underlying assessments. Section 6213(d) allows a taxpayer to waive the restrictions on assessments contained in § 6213(a). Section 6601(c) conditions a suspension of interest on the filing of a waiver of restrictions pursuant to § 6213(d). Section 6230(a) provides that items which have been converted to nonpartnership items by reason of a settlement agreement are not subject to the restrictions on assessment found in § 6213(a). Hence, the waiver issued by plaintiffs pursuant to § 6213(d) had no consequence for these plaintiffs.[4]

Based on the structure of this part of the Code, we conclude that interest is not suspended under § 6601(c) for taxpayers to whom the deficiency restrictions contained in Subchapter B do not apply. *See Pack v.*

*United States,* 92–2 U.S. Tax Cas. (CCH) ¶ 50,575 (N.D.Cal.1992). Under plaintiffs' view of the statute, they can satisfy the requirement of § 6601(c) that they file a waiver of the restrictions contained in subchapter B, regardless of the applicability of those restrictions. However, that construction is inconsistent with the "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect." *United States v. Nordic Village, Inc.,* — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).[5] Hence, we conclude that defendant's view of the statute is correct and that its motion should be granted.

### III

Based on the foregoing, defendant's motion filed January 11, 1993 to dismiss the complaint (for failure to state a claim upon which relief can be granted) is GRANTED.

Judgment shall be entered in favor of defendant.

Pursuant to RCFC 54(d), costs shall be allowed to the defendant ("the prevailing party").

---

**4.** Plaintiffs also submitted a waiver of the restrictions contained in § 6225(a) pursuant to § 6224(b). Section 6601(c) specifically conditions a suspension of interest, however, on a waiver of the restrictions contained in § 6213(a) pursuant to § 6213(d). Although Treas.Reg. § 301.6601–1(d) only requires "an agreement waiving the restrictions on assessment of such deficiency," we do not construe the regulation to alter the plain meaning of § 6601(c).

**5.** Plaintiffs contend that the person from the IRS that wrote and issued the settlement agreement advised them that § 6601(c) would apply in their case. Whether plaintiffs were so advised is irrelevant because the government is not bound by erroneous statements of law made by agency personnel. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 428, 110 S.Ct. 2465, 2473, 110 L.Ed.2d 387 (1990); *Heckler v. Community Health Servs. of Crawford County, Inc.,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2225, 81 L.Ed.2d 42 (1984).