ANN E. PRICE AND JACK H. PRICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 144-94
United States Tax Court
T.C. Memo 1995-290; 1995 Tax Ct. Memo LEXIS 289; 69 T.C.M. (CCH) 3041; June 27, 1995, Filed *289 Decision will be entered in accordance with respondent's Rule 155 computation. Held: With respect to Ps' 1990 taxable year, the Court will enter a decision under Rule 155, Tax Court Rules of Practice and Procedure, in accordance with R's computation. Ps' computation is erroneous because it improperly takes into account an alleged general business credit carryover from 1989 and an alleged net operating loss carryback from 1992, that were not raised in either the pleadings or at trial. Ann E. and Jack H. Price, pro sese. For respondent: Rick V. Hosler. LARO
LARO
SUPPLEMENTAL MEMORANDUM OPINION LARO, Judge: Petitioners have filed their computations for entry of decision under Rule 155. [1] Respondent objects thereto and has filed her computation for entry of decision. We must decide whether the subject decision should reflect an alleged general business credit carryover and/or an alleged net operating loss carryback that were not raised in either the pleadings or at trial. We hold that the decision should not reflect either one of these items. *290 Background
On April 24, 1995, we filed our opinion in this case at T.C. Memo. 1995-187, [2] and stated at the end thereof that "Decision will be entered under Rule 155." On April 25, 1995, in order to promptly dispose of the case, we ordered the parties to file with the Court on or before May 25, 1995, their computations under Rule 155. On May 12, 1995, petitioners filed their computation (petitioners' Rule 155 computation), alleging that their 1990 tax liability equaled only a self-employment tax of $ 6,813. Attached to petitioners' Rule 155 computation was a 1992 Form 1045, Application For Tentative Refund, and a 1992 Form 1040, U.S. Individual Income Tax Return. Form 1040, which lists petitioners' filing status as "Married filing joint return", reports negative adjusted gross income of $ 46,140.75, and attributes this negative amount to a $ 30,726.54 loss on Mr. Price's *291 sole-proprietorship operation and a $ 15,414.21 loss on his rental real estate operation. Form 1045 reports that petitioners are carrying a 1992 net operating loss back to their 1990 taxable year, and are applying part of this loss to their 1990 adjusted gross income. Petitioners' Rule 155 computation reflects a carryback of this loss to the year in issue. Such a carryback was not raised in either the pleadings or at trial, it was not raised in petitioners' post-trial brief, it was not the subject of the instant proceeding, and it was not considered by the Court in rendering our opinion at T.C. Memo. 1995-187. On May 22, 1995, petitioners filed an amended computation under Rule 155 (petitioners' amended Rule 155 computation), alleging that they were entitled to a $ 30,082 general business credit in 1990, on account of a carryover from 1989. Petitioners' amended Rule 155 computation states that the $ 30,082 credit was reported on their 1990 Form 1040. This carryover was not raised in either the pleadings or at trial, it was not raised in petitioners' post-trial brief, it was not the subject of the instant proceeding, and it was not considered by the Court *292 in rendering our opinion at T.C. Memo. 1995-187. On May 26, 1995, respondent filed an objection to petitioners' computation. Respondent also filed her computation for entry of decision (respondent's Rule 155 computation). Respondent's Rule 155 computation alleges that petitioners are liable for a $ 7,556 deficiency and a $ 1,511 addition to tax thereto under section 6662(a). Respondent's Rule 155 computation was derived in accordance with our opinion at T.C. Memo. 1995-187. Discussion
Petitioners ask the Court to enter a decision for their 1990 taxable year by taking into account their alleged general business credit carryover from 1989 and their alleged net operating loss carryback from 1992. This, we will not do. Petitioners did not raise these issues with respondent (or with the Court) until petitioners filed their computation and amended computation herein. [3] As best stated by the Court in Cloes v. Commissioner, 79 T.C. 933, 937 (1982): The plain, hard fact is that if we were to grant petitioners' motions, we would of necessity have to reopen the record and afford petitioners a further *293 trial. The petitioners would have to prove, and respondent would be free to contest, any and all items of income and deduction for the base period years. We see no requirement of justice that compels a favorable decision on petitioners' motions under such circumstances. Indeed, a further trial is exactly what is not permitted under Rule 155. Even if we were to treat petitioners' motions as constituting a request to the Court to reopen the record, we would reject the request. Proper judicial administration demands that there be an end to litigation and that bifurcated trials be avoided.
See also Rule 155(c); Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308 (1932) (decision under predecessor of current Rule 155); Harris v. Commissioner, 99 T.C. 121, 123-124 (1992), affd. 16 F.3d 75 (5th Cir. 1994); Estate of Papson v. Commissioner, 74 T.C. 1338, 1340 (1980). We will enter a decision in accordance with respondent's Rule 155 computation. *294 We have considered all arguments made by petitioners and, to the extent not discussed above, find them to be without merit. To reflect the foregoing, Decision will be entered in accordance with respondent's Rule 155 computation. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. To the extent necessary for our disposition of the instant issue, we incorporate those facts and opinion herein.↩
3. Contrary to petitioners' allegation in their amended computation, their 1990 Federal income tax return makes no reference to a general business credit.↩