ISIDORO & IRENE RODRIGUEZ, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodriguez v. Comm'r
Docket No. 10691-09.
United States Tax Court
2013 U.S. Tax Ct. LEXIS 42; February 13, 2013, Decided
Rodriguez v. Comm'r, T.C. Memo 2012-286, 2012 Tax Ct. Memo LEXIS 288 (T.C., 2012)
*42 Petitioner, Pro se.
For Respondent: Melissa E. Avrutine, Washington, DC.
Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER
On October 9, 2012, this Court served its opinion in this case, Rodriguez v. Commissioner, T.C. Memo. 2012-286, stating at the end thereof, "Decision will be entered under Rule 155."[1] Pursuant to Rule 155, the parties were required to file their agreed or unagreed computations within 90 days of service of the opinion. On January 4, 2013, respondent filed a computation for entry of decision, attaching thereto a proposed decision. On January 8, 2013, the Court served on petitioners a notice of filing of computation under Rule 155, which notified petitioners that any objection to respondent's computation and any alternate computation must be filed by January 29, 2013.
On January 28, 2013, the Court received from petitioners a document captioned "PETITIONERS' OBJECTIONS TO COMPUTATION, WITH ATTACHMENTS". It appears to the Court that this document represents petitioners' notice of objection pursuant to the Court's January 8, 2013, notice of filing of computation under Rule 155. Petitioners, *43 however, failed to submit separately or include with their objection an alternate computation, as required by Rule 155(b). Rather, petitioners' document states, "In complete disagreement with the Opinion, as stated in their Motion for Reconsideration, Petitioners cannot provide a computation based on that Opinion, or agree with Respondent's computation based on that Opinion * * *". The document then proceeds to rehash arguments made in their motion for reconsideration of opinion and in their motion to vacate, both of which petitioners filed November 16, 2012, and each of which the Court denied on November 27, 2012. Attached to petitioners' document are a number of exhibits seemingly of an evidentiary nature.
Rule 155(c) provides:
Any argument under this Rule will be confined strictly to consideration of the correct computation of the amount to be included in the decision resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues. This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.
The prohibition *44 against raising "new issues" in this context generally has been construed to preclude raising issues that would require consideration of evidence not already contained in the record. See Harris v. Commissioner, 99 T.C. 121, 123-124 (1992); Cloes v. Commissioner, 79 T.C. 933, 935 (1982); Pinson v. Commissioner, T.C. Memo. 2000-393.
Contrary to Rule 155(c), petitioners seek improperly to use their objection to respondent's computations as an opportunity to rehash arguments they have previously made in their motion for reconsideration and in their motion to vacate, each of which the Court has already denied. Petitioners have failed to submit any alternative computation with their objection. Consequently, pursuant to Rule 155(b) the Court may enter decision in accordance with the computation that respondent has submitted.
The premises considered and for cause, it is
ORDERED: That the proposed decision attached to respondent's computation for entry of decision filed January 4, 2013, will be entered by the Court.
(Signed) Michael B. Thornton
Chief Judge
Dated: Washington, D.C.
February 13, 2013
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩