T.C. Memo. 2013-285

UNITED STATES TAX COURT

NAREN CHAGANTI, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7344-12.                          Filed December 17, 2013.

<u>Naren Chaganti</u>, pro se.[1]

<u>Karen O. Myrick</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  On March 4, 2013, petitioner filed a motion for partial

summary judgment pursuant to Rule 121,[2] requesting the Court find in his favor in

---

[1]Mr. Chaganti filed an entry of appearance with the Court to represent himself.  Though his name is represented as Narendra Chaganti on his tax returns and the notice of deficiency, Mr. Chaganti apparently uses the name "Naren" to practice law.

[2]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

**[\*2]** regard to the following issues, believed to be questions of law about which there exist no genuine issues of material fact:

(1) whether petitioner was entitled to deduct business expenses paid in previous years for tax years 2006 and 2007 when those expenses were actually reimbursed; and

(2) whether petitioner was entitled to deduct court-ordered payments made in tax years 2006 and 2007.

On March 12, 2013, respondent filed a cross-motion for partial summary judgment on the same issues. Also on March 12, 2013, both petitioner and respondent filed objections to each other's respective motions for partial summary judgment. On the basis of the following, the Court will grant respondent's motion for partial summary judgment in part and will deny it in part. The Court will deny petitioner's motion for partial summary judgment in full.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and exhibits received in evidence are

---

[2](...continued)
Code in effect for the years in issue, and Rule references are to the Tax Court Rules of practice and procedure.

[*3] incorporated herein by this reference.  Petitioner resided in Missouri at the time this petition was filed.

Petitioner is a licensed attorney who has been providing legal services to clients since 1998.  Among these clients is petitioner's brother's business, which is based in St. Louis, Missouri.  For all relevant years at issue, petitioner was a cash basis taxpayer.

In providing legal services to his brother's business, petitioner incurred and paid significant expenses for travel, meals, and incidentals.[3]  Petitioner and his brother also had an arrangement by which petitioner's brother's business would pay petitioner a per diem expense reimbursement of $147 per day for each day petitioner was in St. Louis performing services for the business.  Petitioner was not immediately reimbursed for these expenses but rather was reimbursed periodically as the business could afford to do so.  From tax year 2001 to 2005 petitioner paid significant expenses related to legal services provided to his brother's business.  It is unclear whether petitioner reported or deducted these expenses on his Federal income tax returns for the tax years in which he paid

_____

[3]In all the tax years at issue petitioner reported his home address as being in Town & Country, Mo. (a suburb of St. Louis, Mo.) and his business address as being in Los Angeles, Cal.  Petitioner has not at this time made any showing as to why he was entitled to deduct travel expenses related to legal services provided to his brother's business in St. Louis.

[*4] them.[4]  In tax years 2006 and 2007 petitioner received $40,000 and $22,200,

respectively, from his brother's business as reimbursement for expenses

accumulated from tax years 2001 through 2005.

In 2004 petitioner also began performing legal services on behalf of a

plaintiff litigating in the U.S. District Court for the Eastern District of Missouri

(District Court).  On November 14, 2005, petitioner was ordered to pay a $262

fine for opposing counsel attorney's fees and court reporter charges as a result of

petitioner's role in his client's failure to appear at a deposition.  After failing to

pay the fine as ordered, petitioner was held in contempt by the District Court at a

hearing on December 29, 2005, and ordered to pay the $262 on or before January

2, 2006.  The District Court stated that after that date it would impose a daily fine

of $100 until the sanction was paid.  Despite being held in contempt, petitioner did

not pay the $262 sanction until January 26, 2006.  During the remainder of the

litigation, petitioner engaged in behavior that the District Court deemed

unnecessarily protracting and contentious.

The District Court ruled against petitioner's client and for the defendant on

a motion for summary judgment in March 2006.  Petitioner, as plaintiff's counsel,

---

[4]It is also unclear whether petitioner included these expenses in determining the net operating losses of $18,048, $19,510, and $29,104 he reported on his Federal income tax returns for tax years 2003, 2004, and 2005, respectively.

[*5] filed a motion to reconsider, vacate, and set aside the judgment, which was denied on April 12, 2006. Petitioner appealed the ruling to the U.S. Court of Appeals for the Eighth Circuit, which affirmed the District Court's decision on April 26, 2007.

Following the entry of judgment, the defendant in the case filed a motion for attorney's fees and bill of costs. The defendant's motion requested that petitioner, as opposed to the plaintiff himself, pay the excess attorney's fees incurred as a result of petitioner's "bad faith, unreasonable, and vexatious multiplication of the proceedings". On August 22, 2007, the District Court granted this motion in part, allowing the award of excess attorney's fees of $18,125 which it specifically attributed to petitioner's misconduct. The District Court ordered petitioner to pay that amount to opposing counsel and also ordered petitioner to pay to the Clerk of the Court a $2,300 fee for late payment of the original $262 fine.[5] Petitioner paid these amounts on December 28, 2007.

Petitioner did not timely file Federal income tax returns for tax years 2006 and 2007. After respondent prepared substitutes for returns on March 22, 2010, and June 15, 2009, respectively, petitioner eventually filed delinquent returns for

---

[5]This late fee was based on the $100 daily fine multiplied by the 23 days that passed between the court-ordered deadline of January 2, 2006, and January 26, 2006, the actual date that payment was received.

[*6] tax years 2006 and 2007 on May 26, 2010. On these returns petitioner listed business expenses of $40,000 and $22,200 for tax years 2006 and 2007, respectively, described as "prior years' travel and per diem expenses." For tax year 2007 petitioner also listed as a business expense $20,425 in court-ordered payments. This amount was attributable to the $2,300 fee for late payment of petitioner's $262 deposition fine, plus the $18,125 petitioner was ordered to pay for opposing counsel attorney's fees.

On January 6, 2012, respondent mailed to petitioner a notice of deficiency for tax years 2006 and 2007. The notice determined a deficiency in Federal income tax for tax year 2006 of $9,332, as well as an addition to tax for failure to timely file under section 6651(a)(1) of $2,102 and an accuracy-related penalty under section 6662(a) of $1,866. It also determined a deficiency in Federal income tax for tax year 2007 of $21,936, as well as an addition to tax for failure to timely file under section 6651(a)(1) of $5,192 and an accuracy-related penalty under section 6662(a) of $4,387. The determination, in part, was due to respondent's finding that petitioner was not entitled to deduct prior years' business expense per diem payments and court-ordered payments as business expenses for tax years 2006 and 2007. On March 19, 2012, petitioner timely filed a petition in this Court for review of respondent's determination.

**[\*7]**                                   <u>Discussion</u>

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment only if there are no genuine disputes of material fact. <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). The moving party must prove that no genuine disputes of material fact exist and that he is entitled to judgment as a matter of law. <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000); <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). In deciding whether to grant summary judgment, the Court considers the facts, and any inferences drawn from the facts, in the light most favorable to the nonmoving party. <u>Naftel v. Commissioner</u>, 85 T.C. at 529.

Both petitioner and respondent have filed motions for partial summary judgment. Because neither party contends that there are any genuine disputes of material fact with respect to the above-stated issues, the Court must evaluate which party is entitled to summary judgment on those issues as a matter of law.

<u>Prior year per diem payments</u>

Section 461(a) requires a taxpayer to deduct expenses in the year required under his method of accounting. A cash basis taxpayer generally must deduct his expenses in the year that payment of those expenses takes place. <u>Tippin v.</u>

[*8] Commissioner, 104 T.C. 518, 531 (1995); Reynolds v. Commissioner, T.C. Memo. 2000-20, aff'd, 296 F.3d 607 (7th Cir. 2002); sec. 1.461-1(a), Income Tax Regs. Petitioner admits that he incurred and paid the expenses relating to his brother's business during tax years 2001 through 2005. Petitioner argues only that he complied with section 461(a) by deducting the per diem expenses in the year the reimbursements were paid to him. Petitioner's argument reflects a semantic misunderstanding. The law is clear that, for a cash basis taxpayer, the deduction generally must be taken in the year the expense is actually paid by the taxpayer. See Reynolds v. Commissioner, T.C. Memo. 2000-20. Petitioner has failed to point out any exception in the Code that would exclude him from the general rule. Accordingly, petitioner was not entitled to deductions for tax years 2006 and 2007 for reimbursements related to business expenses paid in prior years.[6]

Section 6214 empowers the Court to consider net operating loss (NOL) carryforwards and carrybacks in determining the correct amount of tax for the years at issue. See Harris v. Commissioner, 99 T.C. 121, 124-125 (1992); Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 274-275 (1990); Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440 (1974), aff'd without published

_____

[6]It should be noted that this determination reflects the Court's findings with respect to the timing of the deductions only and not the veracity of the expenses themselves.

[*9] opinion, 510 F.2d 970 (3d Cir. 1975).  Petitioner has not yet shown whether he included the above-discussed expenses in determining his NOLs for tax years 2003, 2004, and 2005.  The inclusion of these expenses in petitioner's NOLs for those years and the veracity of the expenses themselves are questions of material fact that must be addressed in determining the applicability of petitioner's NOLs to the years at issue.  Accordingly, the Court will not make any decisions as to those issues at this time.

Court-ordered payments

The court-ordered payments petitioner made during tax years 2006 and 2007 consisted of three separate fines.  The first was the $262 petitioner was ordered to pay in reimbursement of deposition fees and opposing counsel attorney's fees for failure to present a client at a deposition.  The second was the $2,300 imposed on petitioner as a fee for failure to timely pay the $262 fine once held in contempt.  The last was the $18,125 petitioner was ordered to pay pursuant to 28 U.S.C. sec. 1927 (2006), as opposing counsel attorney's fees attributable to petitioner's unreasonable protraction of the litigation.

Section 162 provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Section 162(f), however, disallows a deduction for fines or penalties

**[\*10]** paid to a government or a governmental agency for the violation of any law.

Disallowance under section 162(f) is not limited to criminal fines and penalties.

Huff v. Commissioner, 80 T.C. 804, 821 (1983).  It is clear that the $2,300 fine

imposed on petitioner for failure to pay that sanction was for the violation of his

duties as an officer of the court in being held in contempt and failing to timely pay

the $262 sanction.  This amount was paid to the Clerk of the Court for the District

Court, a governmental agency responsible for collecting such fines and penalties.

Accordingly, petitioner is not entitled to deduct the $2,300 sanction as an ordinary

and necessary business expense for tax year 2007.

The remaining two sanctions, while court ordered, were not paid to a

government or governmental agency but rather to opposing counsel.[7]  Section 162

sets forth dual requirements that, to be deductible, an expense must be both

ordinary and necessary.  An ordinary expense is one that is common and

acceptable in the taxpayer's particular business.  Welch v. Helvering, 290 U.S.

111, 113-114 (1933).  A necessary expense is an expense that is appropriate and

---

[7]The Court refrains at this time from engaging in an analysis of whether such payments could be considered constructively paid to a government or governmental agency for the purposes of sec. 162(f).  With respect to the $18,125 sanction issued under 28 U.S.C. sec. 1927 (2006), the analysis below renders this question moot.  With respect to the $262 sanction which, for reasons discussed below, presents a genuine dispute of material fact, this question will be decided at a later time.

**[*11]** helpful in carrying on the taxpayer's trade or business. <u>Heineman v. Commissioner</u>, 82 T.C. 538, 543 (1984).

Petitioner was ordered to pay a $262 sanction for reimbursement of deposition fees and opposing counsel attorney's fees for failure to present a client at a deposition. It is clear that it may be ordinary and necessary to a taxpayer's practice of law to hold depositions and that such expenses may be deductible under section 162. Petitioner argues that it was ordinary and necessary to his practice to keep his client from appearing at the scheduled deposition because, due to some unforeseen circumstance, he felt it was in his client's best interest. Petitioner has yet to present evidence in support of this assertion.

Unlike the sanction imposed under 28 U.S.C. sec. 1927, discussed below, it is unknown at this time under which statute petitioner was ordered to pay the $262 sanction to opposing counsel. It is similarly unknown what criteria were required to impose this sanction and whether such an imposition in and of itself would indicate that the expense was not ordinary or necessary to the practice of law. Taken in a light most favorable to each nonmoving party in these cross-motions for summary judgment, a genuine dispute of material fact exists. Accordingly, neither petitioner nor respondent is entitled to summary judgment at this time with regard to the deductibility of the $262 sanction.

**[\*12]**   Petitioner was ordered to pay the remaining $18,125 fine as a result of what was found to be his willful and unreasonable protraction of the litigation. The District Court found petitioner liable under 28 U.S.C. sec. 1927, which states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States * * * who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  The District Court then engaged in a lengthy itemized analysis to separate the amount of opposing counsel attorney's fees that could be directly attributed to petitioner's improper conduct from those which would be reasonably typical to the practice of law.[8]

The Court finds that the mere fact that petitioner was ordered to pay opposing counsel attorney's fees under 28 U.S.C. sec. 1927, demonstrates that those amounts were not ordinary and necessary to the practice of law.  The District Court's further analysis in removing the amounts attributable to typical legal expenses confirms that the remaining $18,125 that petitioner was ordered to pay was not common to the practice of law, nor was it appropriate or helpful to his

---

[8]The District Court found that of the $42,675 in opposing counsel attorney's fees, $18,125 was attributable to petitioner's improper conduct.

[*13] business.  Accordingly, petitioner is not entitled to deduct the $18,125 fine levied against him under 28 U.S.C. sec. 1927, as an ordinary and necessary business expense for tax year 2007.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.