**Ronald L. PACK, and Marla Pack, For
themselves and as Representatives of
a Class, Plaintiffs–Appellants,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 92–16837.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1993.

Decided May 5, 1993.

---

Harry J. Kaplan, San Jose, CA, for plaintiffs-appellants.

Teresa McLaughlin, Asst. U.S. Atty., Tax Div., Washington, DC, for defendant-appellee.

Before: GOODWIN, NOONAN, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

# I

## OVERVIEW

In order to resolve a dispute with the Internal Revenue Service (IRS) regarding the tax treatment of certain partnership property, Ronald and Marla Pack (the Packs) executed a closing agreement with the IRS. The Packs filed this suit against the United States (Government) seeking a tax refund for interest assessed on their tax deficiency. They contend that the closing agreement suspended the assessment of interest and that they are entitled to a refund of the interest they paid.

The district court had jurisdiction under 28 U.S.C. § 1346. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and affirm.

# II

## FACTS AND PROCEDURAL HISTORY

The Packs were partners in Culver City Associates, a TEFRA[1] partnership. As a result of a dispute with the IRS regarding the tax treatment of certain partnership items for the tax years 1983 through 1987, the Packs and the IRS Commissioner executed a closing agreement (Agreement) in April, 1990. The Agreement contained a provision whereby the Packs agreed to waive restrictions on the assessment and collection of a tax deficiency pursuant to I.R.C. §§ 6213 and 6225. Execution of a § 6213 waiver suspends interest under § 6601(c) when the IRS fails to give timely notice and demand of a deficiency. The IRS failed to give the Packs timely notice and demand but did not suspend interest.

Consequently, after the Packs paid their tax bill, including the interest, they filed suit for a refund of the interest in the amount of $9,034 against the Government. They also sought class certification of similarly situated taxpayers. The Government moved to dismiss the action under Fed.R.Civ.P. 12(b)(6) arguing that the deficiency procedures of subchapter B, which contains the waiver provision, do not apply to assessment and collection of deficiencies in a TEFRA partnership under subchapter C.

---

1. TEFRA is the Tax Equity and Fiscal Responsibility Act. TEFRA provisions are contained in subchapter C of the Internal Revenue Code, 26 U.S.C. §§ 6221–6233. Unless otherwise indicated, reference to statutory provisions is to Title 26, the Internal Revenue Code (I.R.C. or Code).

The district court granted the Government's motion to dismiss and declined to reach the class certification issue because it was moot. The Packs now raise three arguments in support of their claim for a tax refund of interest collected: (1) execution of valid waiver pursuant to I.R.C. §§ 6213 and 6601; (2) execution of a valid waiver under I.R.C. § 6225; and (3) application of contract law.

We must determine whether the Code permits suspension of interest when a closing agreement is executed for the purpose of resolving a tax dispute with regard to TEFRA partnership items. Because we conclude that the Code does not permit suspension of interest under these circumstances, we affirm the district court's decision.

## III

## STANDARD OF REVIEW

■ This court reviews *de novo* a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *Oscar v. University Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992). Review is limited to the content of the complaint. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.* A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

## IV

## DISCUSSION

*A. Waiver: §§ 6213 and 6601*

■ Section 6601(c)[2] suspends interest if a taxpayer executes and files a § 6213(d)[3] waiver of a deficiency assessment which effectively prevents the IRS from obtaining interest if notice and demand for payment of the deficiency are not made within thirty days after filing such waiver. It is undisputed that the Agreement contained a § 6213(d) waiver[4] and the IRS concedes that it did not give timely notice and demand for payment. However, we conclude that the waiver cannot be given effect because it is contrary to the Code.

Section 6230(a)(2)(A)(ii) contained in subchapter C states that subchapter B does not apply where a TEFRA partner and the IRS execute a settlement agreement. Section 6230(a)(2)(A)(ii) provides in pertinent part:

(2) Deficiency proceedings to apply in certain cases.—

2. I.R.C. § 6601(c) provides:
    In the case of a deficiency as defined in section 6211 (relating to income, estate, gift, and certain excise taxes), if a waiver of restrictions under section 6213(d) on the assessment of such deficiency has been filed, and if notice and demand by the Secretary for payment of such deficiency is not made within 30 days after the filing of such waiver, interest shall not be imposed on such deficiency for the period beginning immediately after such 30th day and ending with the date of notice and demand and interest shall not be imposed during such period on any interest with respect to such deficiency for any prior period.

3. I.R.C. § 6213(d) provides:
    The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

4. The following provision of the Agreement contains the waiver:
    The parties agree and stipulate that for the deficiencies and income tax attributable to the items set forth herein, the taxpayer(s) waive(s) the restrictions contained in § 6213(a) prohibiting assessment and collection of the deficiencies (plus statutory interest) and pursuant to I.R.C. § 6224(b), waive(s) the restrictions contained in I.R.C. § 6225(a) prohibiting the assessment and collection of deficiencies (plus statutory interest) to the extent that these items are subject to the provisions of I.R.C. §§ 6221 through 6233, including those items which become non-partnership items pursuant to I.R.C. § 6231(b)(1)(C) by the execution of this closing agreement by both parties, or by the taxpayer's (s') election pursuant to I.R.C. § 6231(b)(1)(D) to have such items treated as non-partnership items.

(A) Subchapter B shall apply to any deficiency attributable to—

.       .       .       .       .

(ii) items which have become nonpartnership items (*other than by reason of section 6231(b)(1)(C)* ) and are described in section 6231(e)(1)(B).

I.R.C. § 6230(a)(2)(A)(ii) (emphasis added). Section 6231(b)(1) provides that for purposes of subchapter C, "the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date ... (C) the Secretary enters into a settlement·agreement with the partner with respect to such items." I.R.C. § 6231(b)(1)(C).

The Tax Court has held that subchapter B does not apply to TEFRA provisions: "The TEFRA partnership provisions provide that issues related to partnerships subject to such provisions are to be resolved in proceedings governed by subchapter C of chapter 63, *and not under normal deficiency procedures, which are provided in subchapter B of chapter 63.*" *Harris v. CIR,* 99 T.C. 121, 1992 WL 176438, 1992 U.S. Tax Ct. LEXIS 59, at *8 (1992) (emphasis added). Furthermore,

[a] settlement is applied to a partner by means of a computational adjustment and *not under the ordinary deficiency and refund procedures.... The purpose of section 6230(a)(2)(A)(ii) is to enable the Commissioner to collect amounts due as a result of settlements without the necessity of issuing a statutory notice of deficiency....*

*Id.* at *10–11 (emphasis added).

Subchapter B, which contains the § 6213(d) waiver provision, does *not* apply to items which have become *nonpartnership items* pursuant to a settlement under § 6231(b)(1)(C). Therefore, the § 6213(d) waiver in the Packs' closing agreement is ineffective because it is precluded by the Code. Because § 6601(c) requires a § 6213(d) waiver before interest is suspended, the district court properly ruled that the IRS could assess interest against the Packs despite its failure to give timely notice and demand.

The Packs also claim that pursuant to § 6230(a)(1), subchapter B does not apply to "computational adjustments." Thus, they contend, subchapter B (including the § 6213(d) waiver) applies in this case because there was no "computational adjustment." We reject this contention. First, § 6230(a)(1) states that "*[e]xcept as provided in paragraph (2),* subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment." (emphasis added). Paragraph (2) specifically excludes application of subchapter B to items which have become nonpartnership items pursuant to a settlement agreement. I.R.C. § 6230(a)(2)(A)(ii).

Second, § 6230(a)(1) explicitly provides that subchapter B does not apply to computational adjustments. Because a settlement agreement is applied by means of a computational adjustment, *Harris,* 99 T.C. 121, 1992 WL 176438, 1992 U.S. Tax Ct. LEXIS 59, at *10, subchapter B does not apply to the Packs' settlement agreement. Consequently, neither § 6230(a)(1) nor § 6230(a)(2) render subchapter B applicable to the Agreement.

■ The Packs next contend that the interest they paid was an "addition to tax" or "additional amount" imposed under § 6221(c). As such, they argue·that the subchapter B deficiency provisions apply pursuant to Temp.Reg. 301.6231(a)(6)–1T, which provides that a computational adjustment does not include an addition to tax or an additional amount. However, this claim was raised neither in the complaint nor before the district court. A refund claim must state in detail the ground upon which a refund is claimed, as well as facts sufficient to support the refund, in order to apprise the Commissioner of the basis for the claim. Treas.Reg. § 301.6402–2(b)(1). "If the claim on its face does not call for investigation of a question, the taxpayer *may not later raise that question in a refund suit." Boyd v. United States,* 762 F.2d 1369, 1372 (9th Cir.1985) (emphasis added).

*B. Waiver: § 6225*

■ Having established that the § 6213 waiver was not effective, we next determine whether the Packs' § 6225(a) waiver was ef-

fective to prevent the IRS from collecting interest. We conclude that it was not.

Section 6225(a) states:

Except as otherwise provided in this subchapter [C], no assessment of a deficiency attributable to any *partnership item* may be made ... before—

(1) the close of the 150th day after the day on which a notice of a final partnership administrative adjustment was mailed to the tax matters partner....

I.R.C. § 6225(a)(1) (emphasis added). The Packs executed a waiver of § 6225(a) restrictions pursuant to § 6224(b).[5] This subchapter C waiver provision is analogous to the § 6213(d) subchapter B waiver provision discussed above.

However, there are two reasons why the Packs' § 6224(b) waiver does not operate to suspend interest. First, in accordance with its express terms, § 6601(c) suspends interest only when taxpayers execute a § 6213(d) waiver and *not* when they execute a § 6224(b) waiver. *See* I.R.C. § 6601(c). Second, § 6225(a) applies only to *partnership items* and, as noted above, the Agreement converted the partnership items into nonpartnership items.[6] Partnership items become nonpartnership items when the IRS enters a settlement agreement with respect to those items. I.R.C. § 6231(b)(1)(C). Hence, because § 6225(a) applies only to partnership items, a § 6224(b) waiver did not suspend interest where the assessment related to nonpartnership items.

■ The Packs contend that we should suspend interest because the Code provisions outlined above lead to an absurd result. We do not agree that the result reached is absurd. As the tax court has noted, the purpose of excluding TEFRA closing agreements from subchapter B deficiency provisions is to enable the IRS to collect amounts due as a result of settlements without the necessity of issuing a statutory notice of deficiency. *Harris*, 99 T.C. 121, 1992 WL 176438, 1992 U.S. Tax Ct. LEXIS 59, at *10–11. Furthermore, because the language of the statute is clear, we need not resort to Congressional intent to interpret the Code. *See Ardestani v. INS*, —— U.S. ——, —— –——, 112 S.Ct. 515, 519–20, 116 L.Ed.2d 496 (1991).

### C. Contract Law

Finally, the Packs assert that the specific provisions of their contract give effect to either the § 6213 or the § 6225 waiver. We disagree.

■ By its own terms, the Agreement does not permit the parties to enforce rights contrary to the Code. The Agreement states that it is "*subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions* notwithstanding any other law or rule of law except I.R.C. § 7122 [relating to compromises in civil or criminal cases arising under the Code]." The Agreement does not prevent the IRS from enforcing its rights under the Code. In fact, quite to the contrary, it requires that the Code provisions be given effect. Because the Code precludes suspension of interest in this case, our decision not to suspend interest is consistent with both the Code and the Agreement.

The Packs' reliance upon *Stamm Int'l Corp. v. CIR*, 90 T.C. 315, 1988 WL 12046 (1988), is misplaced. In *Stamm*, the tax court held that the IRS was bound by a settlement agreement notwithstanding its unilateral mistake in calculating the amount owed by the taxpayer. *Stamm*, 90 T.C. at 320. *Stamm* is distinguishable because in that case, enforcement of the agreement despite the mistake was not contrary to provisions of the Code. In the present case, enforcement of the waiver would be contrary to the Code and therefore contrary to the Agreement.

■ Moreover, the parties to a closing agreement are bound to the terms agreed upon and not to the premises underlying

---

5. Section 6224(b) allows a partner "at any time [to] waive—(A) any right such partner has under this subchapter [C], and (B) any restriction under this subchapter on action by the Secretary." I.R.C. § 6224(b)(1).

6. Apparently, the Packs assert that some of the items contained in the Agreement were not partnership items. However, the record belies that contention. The Agreement specifically pertained to the Packs' partnership items.

their agreement. *Zaentz v. CIR,* 90 T.C. 753, 761, 1988 WL 34876 (1988). Section 7121(b) provides that closing agreements are final and conclusive "except upon a showing of fraud or malfeasance, or misrepresentation of a material fact." I.R.C. § 7121(b). In this case, the Agreement did not expressly create a right which would suspend interest; nor, as indicated above, did it contain an effective waiver which would suspend interest under the Code. Therefore, the Agreement does not offer any relief for the Packs.

### D. Class Certification

Because we affirm the district court, we do not reach the issue of whether class certification was appropriate.

**AFFIRMED.**