81 F.3d 169
 77 A.F.T.R.2d 96-1833, 96-1 USTC P 50,236
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Guy MILLER, Debtor.
Guy MILLER, Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE; United States
Trustee; Lawrence J. Loheit, Chapter 13 Trustee, Appellees.
 No. 94-17216.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.*
Decided April 5, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Guy Miller appeals an order of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's overruling of Miller's objection to the IRS's proof of claim for priority income taxes. Miller contends that his closing agreement with the IRS was invalid because the IRS failed to inform him that the statute of limitations for assessment had expired. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.
 
 
 4
 * In or about 1983, Miller began investing in limited partnerships formed by Walter J. Hoyt III. Based on losses produced by these investments, Miller claimed tax benefits from 1980 through 1990. These benefits were later disallowed by the IRS.
 
 
 5
 While Miller was investing in the tax shelters, the IRS initiated a criminal investigation of Hoyt. This investigation began at some point before January 17, 1985 and was terminated prior to November 6, 1987.
 
 
 6
 After the criminal investigation began, Hoyt, as the Tax Matters Partner ("TMP"), consented to extend the limitations period for assessing taxes attributable to items of the partnerships to December 31, 1993.[1] Generally, there is a three year statute of limitations for assessment of taxes attributable to partnership items. 26 U.S.C. § 6229(a). The TMP, however, may extend this period for all the partners by agreement with the IRS. 26 U.S.C. § 6229(b)(1)(B). The TMP is the general partner designated by the partnership to handle tax matters, or if no designation is made, the general partner with the largest profits interest in the partnership at the close of the taxable year. 26 U.S.C. § 6231(a)(7).
 
 
 7
 On June 5, 1992, Miller and the IRS entered into a closing agreement, pursuant to 26 U.S.C. § 7121, that resolved his tax liabilities arising from his investments in the Hoyt partnerships. Later that year, tax deficiencies were assessed against Miller in accordance with the agreement.
 
 
 8
 On January 25, 1993, Miller filed a bankruptcy petition. The IRS timely filed a proof of claim for the income tax liabilities assessed pursuant to the closing agreement. Miller objected to the IRS's claim, and the bankruptcy court overruled his objection. The BAP affirmed.
 
 II
 
 9
 Miller argues that we should set aside his closing agreement because the IRS breached an alleged fiduciary duty to him. Miller argues that Hoyt's status as TMP expired when he became the subject of the IRS's criminal investigation, and therefore Hoyt was not authorized to sign the consents. Because the consents were invalid, Miller argues, the statute of limitations on assessment had run when he entered into the closing agreement with the IRS. Miller contends that the IRS should have told him the limitations period had run because when Hoyt discontinued being the TMP, the IRS took on the fiduciary duties of the TMP. This failure to fulfill the fiduciary duties of the TMP, Miller argues, justifies the setting aside of the closing agreement because the IRS engaged in "fraud or malfeasance, or misrepresentation of a material fact." 26 U.S.C. § 7121(b).
 
 
 10
 In order to arrive at its conclusion that the closing agreement should be set aside, Miller's argument takes several steps. The last step is his contention that if Hoyt discontinued being the TMP, the IRS was required to step in as the TMP, act as a fiduciary to Miller, and inform him of his statute of limitations defense. The bankruptcy court and the BAP rejected this argument. We review de novo the bankruptcy court's conclusions of law and the decision of the BAP. In re Johnston, 21 F.3d 323, 326 (9th Cir.1994).
 
 
 11
 Miller cites no case or statutory support for his proposition that the IRS became the TMP, and there is absolutely no support for it. The statute provides that the TMP of a partnership is either the general partner designated by the partnership as the TMP or, if no designation is made, the general partner who had the largest profits interest in the partnership at the close of the taxable year at issue. If no designation is made and the Secretary determines that it is impracticable for the general partner with the largest profits to be the TMP, the Secretary may select another partner to be the TMP. 26 U.S.C. § 6231(a)(7). There is no provision in the code providing for anyone other than a partner to be the TMP, and there is no provision providing for the IRS to be the TMP. Because it is the TMP's responsibility to act as the partnership's representative in dealings and negotiations with the IRS, it is illogical to conclude that the IRS could fulfill this role.
 
 
 12
 If a partnership fails to have a TMP, and the IRS does not designate one, the IRS must deal with the partners individually. See 26 U.S.C. § 6231(b). The IRS does not become the TMP. Even if Hoyt discontinued being the TMP, the IRS did not become the TMP and did not breach any fiduciary duties to Miller. Miller's closing agreement with the IRS is therefore "final and conclusive." Pack v. United States, 992 F.2d 955, 960 (9th Cir.1993).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hoyt signed consents for the 1983, 1984, 1987, 1988 and 1989 tax years. The parties agree that consents were not necessary for the 1985 and 1986 tax years. Hoyt signed the consents for the 1983 and 1984 tax years while he was under criminal investigation, and he signed the remaining consents after the investigation was terminated