145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie STURGIS, Plaintiff-Appellant,
v.
Employers Insurance of Wausau ("Wausau"); University of
Southern California; Administrative Offices of the United
States Courts; Judicial Conference of the United States;
John G. Davies; Cecil Poole; Joseph Sneed; Melvin Brunetti;
Jeffrey Grube; Robert Moulton; Jefferson Logan; Mark
Solomon, Defendants-Appellees.
 No. 97-55934.
D.C. No. CV 96-1224-KMW(AJW).
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 22, 1998.
 
 On Appeal from the United States District Court for the Central District of California Kim M. Wardlaw, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marjorie Sturgis appeals pro se the district court's dismissal of her complaint, the denial of her motion for entry of a default judgment, and the entry of a pre-filing order restricting her ability to file related actions in the future. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 This court reviews de novo a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). See Pack v. United States, 992 F.2d 955, 957 (9th Cir.1993). The court reviews for abuse of discretion the denial of a motion for entry of default judgment. See Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991). The court also reviews for abuse of discretion the entry of a restrictive, pre-filing order. See Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990).
 
 
 4
 The district court properly dismissed appellant's complaint. The first cause of action against appellees Employers Insurance of Wausau, University of Southern California, Jeffrey Grube, Jefferson Logan, Robert Moulton, Mark Solomon, and John G. Davies is time barred. See Matthews v. Macanas, 990 F.2d 467, 468-69 (9th Cir.1993) (per curiam). The second cause of action against appellees Employers Insurance of Wausau, University of Southern California, Jeffrey Grube, Jefferson Logan, Robert Moulton, and Mark Solomon contains only conclusory allegations that fail to recite any specific facts showing the deprivation of a constitutional or any other legal right. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).
 
 
 5
 Appellant's official capacity claims for compensatory relief against appellees John G. Davies, Cecil Poole, Joseph Sneed, and Melvin Brunetti are barred by the doctrine of sovereign immunity. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir.1985). Appellant lacks standing to seek injunctive relief against these individuals in their official capacities because she cannot show a significant possibility of future harm. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1308-09 (9th Cir.1992). These appellees also enjoy absolute judicial immunity from the individual capacity claims brought against them. See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir.1996).
 
 
 6
 Appellant's claims for compensatory relief against appellees Administrative Offices of the United States Courts and Judicial Conference of the United States are also barred by the doctrine of sovereign immunity. See Bruns v. National Credit Union Admin., 122 F.3d 1251, 1255 (9th Cir.1997). Appellant's complaint does not state a claim for injunctive relief against these entities; the injunctive relief Appellant seeks is completely unrelated to the acts or omissions with which these entities are charged in the complaint.
 
 
 7
 The district court did not abuse its discretion in denying appellant's motion for entry of a default judgment because dismissal of the complaint was proper. See Aldabe, 616 F.2d at 1092.
 
 
 8
 Finally, the district court did not abuse its discretion in entering an order restricting appellant's ability to file related actions because the district court's restrictive, pre-filing order complies with the guidelines set forth in De Long v. Hennessey, 912 F.2d 1144, 1146-49 (9th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3