T.C. Memo. 2008-279


UNITED STATES TAX COURT


DAVID C. AND WENDY CLARK, ET AL.,[1] Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4092-05, 4296-05, Filed December 15, 2008.
          4589-05, 4592-05,
          5161-05, 5162-05,
          5163-05.


<u>Paul E. Kent</u>, for petitioners.

<u>Catherine G. Chang</u> and <u>Jon D. Feldhammer</u>, for respondent.

---

[1]Cases of the following petitioners are consolidated herewith:  American Synergy Asbestos Removal Services, Inc., a.k.a. Synergy Environmental, Inc., docket No. 4296-05; Clark C. Trust a.k.a. Clark C. Family Trust, Reed Humpherys, Trustee, docket No. 4589-05; American Synergy Corporation, docket No. 4592-05; American Synergy Financial Co. Trust, R. Jacobsen, Trustee, docket No. 5161-05; Synergy Environmental Co. Trust a.k.a. American Synergy Co. Trust, David C. Clark, Trustee, docket No. 5162-05; and Synergy Environmental Co. Trust, Steve Shallenberger, Trustee, docket No. 5163-05.

MEMORANDUM OPINION

HAINES, Judge:  These cases are before the Court on respondent's motions for entry of decision and petitioners' motions to reform stipulation of settled issues.

Background

Because the parties anticipated a lengthy trial, these cases were set for trial at a special session of the Court to commence on March 24, 2008, in San Francisco, California.

On March 11, 2008, respondent's counsel met with petitioner David Clark and petitioners' counsel to discuss a possible settlement.  On March 14, 2008, respondent wrote petitioners a letter detailing a comprehensive settlement offer addressing all issues raised in the notices of deficiency on which these cases are based.

One pertinent term of the settlement offer was that petitioners David and Wendy Clark, docket No. 4092-05, would concede all adjustments determined in their notice of deficiency with the exception of a delinquency addition to tax for 1997. Those adjustments included a rental income adjustment which was associated with American Synergy Asbestos Removal Services, Inc. (ASARSI), docket No. 4296-05.

Another term of the proposed settlement was that any penalty or addition to tax amounts asserted in the notice of deficiency against ASARSI would be adjusted relative to the new deficiency

amount unless the penalty or addition to tax was specifically concoded in respondent's pretrial memorandum. Respondent's letter informed petitioners that the offer would be held open until March 17, 2008, at 12 p.m.

On March 17, 2008, petitioners discussed with respondent the delinquency additions to tax under section 6651(a)(1) which were not conceded in respondent's pretrial memorandum. Petitioners consistently maintained that ASARSI had timely filed its 1998 Federal income tax return after receiving an extension to file. However, respondent had no record of the extension, nor did petitioners produce any such evidence. Nevertheless, in the interest of settlement, respondent revised his settlement offer by offering to reduce the addition to tax from 25 percent of the related deficiency to 12.5 percent. The revised offer was held open until March 18, 2008, at 8 a.m. On March 18, 2008, petitioners accepted the revised offer.

Later that day the parties informed the Court of the settlement during a conference call. The Court promptly canceled the March 24, 2008, trial session. The parties completed a stipulation of settled issues incorporating the terms of the settlement including the reduced delinquency addition to tax with respect to ASARSI and the rental income adjustment. The stipulation of settled issues was filed with the Court on April 15, 2008.

Respondent then prepared and sent to petitioners deficiency, penalty, and addition to tax computations as well as proposed decision documents according to the terms of the stipulation of settled issues. During the week of May 5, 2008, petitioners contacted respondent and stated that petitioners disagreed with respondent's computations. On June 1, 2008, respondent received several documents from petitioners including an Application for Automatic Extension of Time to File Corporate Income Tax Return for ASARSI's 1998 taxable year. However, petitioners failed to explain the disagreement with respondent's computations. On July 1, 2008, the Court filed respondent's motions for entry of decision, which asked the Court to enter decisions in accordance with the terms of the stipulation of settled issues.

On September 2, 2008, the Court filed petitioners' motions to reform stipulation of settled issues. Petitioners' motions ask the Court to modify the stipulation in two respects: First, petitioners ask the Court to modify the stipulation because the rental income assigned to David and Wendy Clark was also assigned to ASARSI; second, petitioners ask the Court to modify the stipulation to eliminate the delinquency addition to tax asserted against ASARSI for its 1998 tax year because ASARSI requested an automatic extension of time to file.

A hearing on the motions was held on November 4, 2008, in San Francisco, California.

## Discussion

A settlement is a contract and, consequently, general principles of contract law determine whether a settlement has been reached. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000). In settling a case each party agrees to concede some rights which may have been asserted against the opposing party as consideration for those secured in the settlement agreement. Saigh v. Commissioner, 26 T.C. 171, 177 (1956).

A valid settlement, once reached, cannot be repudiated by either party; and after parties have entered into a binding settlement agreement, the actual merits of the settled controversy are without consequence. Dorchester Indus. Inc. v. Commissioner, supra at 330. This Court has declined to set aside a settlement duly executed by the parties and filed with the Court in the absence of fraud, mutual mistake, or other similar ground. Stamm Intl. Corp. v. Commissioner, 90 T.C. 315 (1988); Spector v. Commissioner, 42 T.C. 110 (1964). Where the parties' settlement leads to the vacating of an imminent trial date, the Court applies stringent standards to modify or set aside the settlement. Dorchester Indus. Inc. v. Commissioner, supra at 335; Stamm Intl. Corp. v. Commissioner, supra at 321. In such cases the moving party must satisfy standards akin to those applicable in vacating a judgment entered into by consent.

Dorchester Indus. Inc. v. Commissioner, supra at 335; Stamm Intl. Corp. v. Commissioner, supra at 322; see Swift & Co. v. United States, 276 U.S. 311, 324 (1928).  The Court has discretion to set aside a settlement agreement filed with it, but its discretion will not be exercised unless good cause is shown. Saigh v. Commissioner, supra at 176.

Petitioners seek to set aside the stipulation as it relates to a delinquency addition to tax asserted against ASARSI.  During the settlement negotiations petitioners contended that ASARSI received an extension of time to file.  However, they were unable to find a copy of the application for extension.  Petitioners argue that they were told if they could provide the application for extension the entire addition to tax would be conceded by respondent.  Respondent agrees he would have conceded the entire addition to tax but only if the application for extension was provided before the execution of the stipulation.  Petitioners were not able to provide a copy of the application for extension until June 2008, more than 2 months after the settlement was reached.  Nothing in the stipulation of settled issues indicates that the parties intended to leave the issue open after the stipulation was filed with the Court, nor have petitioners shown that the parties intended to do so.  Accordingly, the stipulation regarding ASARSI's delinquency addition to tax is binding on the parties.

Petitioners next ask the Court to modify the stipulation as it relates to certain rental income arguably attributed to multiple parties. Petitioners claim that after careful examination of the notices of deficiency and their tax returns they discovered an erroneous duplication of income in the stipulation of settled issues.[2] Even assuming that petitioners are correct that income was duplicated, the Court declines to modify the stipulation. The settlement stipulation was a compromise, and the mere fact that petitioners now feel more confident or knowledgeable on this issue than they did while stipulating the deficiencies is not sufficient grounds for voiding the settlement agreement. See Saigh v. Commissioner, supra at 177.

If petitioners made a mistake in agreeing to the settlement, respondent contends, and the Court agrees, it was not mutual but unilateral. This Court has previously held that a party may be bound by its agreement although it has made a unilateral mistake in the calculation of a deficiency. Stamm Intl. Corp. v. Commissioner, supra.[3] Petitioners have not shown that respondent

_____

[2]It is not clear on the face of the stipulation of settled issues whether there was a duplication of income.

[3]In Pack v. United States, 992 F.2d 955 (9th Cir. 1993), the U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would ordinarily lie, set aside a closing agreement between taxpayers and the Commissioner. In Pack the court held that the terms of the closing agreement could not be relied on by the taxpayers to support their contention that waivers suspended
(continued...)

committed fraud or otherwise improperly induced petitioners to agree to the offer. The parties spent considerable time developing these cases and engaging in settlement discussions. They were aware or should have been aware of the issues they compromised. Petitioners, represented by competent counsel, had the opportunity to review the stipulation before signing it, and presumably they did. Furthermore, the stipulation of settled issues is in accord with respondent's settlement offer accepted by petitioners. Accordingly, the Court will not modify the stipulation on the basis of a unilateral mistake.

Petitioners further argue that David Clark was the only one who could accurately review the figures in the stipulation, but he was out of the country when it was signed and thus unable to review the figures. The stipulation was executed by petitioners' counsel, and petitioners do not argue that he lacked the authority to do so. Furthermore, David Clark was present at the parties' settlement discussions and thus was aware of the terms

---

[3](...continued)
the assessment of interest because the waiver was contrary to the Internal Revenue Code (Code) and the closing agreement specifically stated that its terms were subject to the Code and the closing agreement did not expressly create the waiver. Id. at 959-960. The reasoning of the court in Pack is not applicable in this case. The settlement agreement entered into by respondent and petitioners does not state that its terms are subject to the Code. In fact, respondent made several concessions which are in contravention of the Code. Petitioners do not seek to set those aside.

of the settlement.  Accordingly, the Court will not set aside the stipulation on this basis.

In his settlement offer respondent made significant concessions which ultimately led to petitioners' acceptance.  By accepting the offer, petitioners chose to concede some of the rights they might have asserted in consideration for respondent's concessions.  Petitioners may not now avoid their own concessions while receiving the benefits of respondent's.

To reflect the foregoing,

<u>Orders denying petitioners' motions will be issued, and orders and decisions granting respondent's motions will be entered</u>.